IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DARRELL RAY EDWARDS, | ) | No. C 12-2504 LHK (PR) |
| | ) | |
| Petitioner, | ) | ORDER RE-OPENING CASE; |
| | ) | DENYING MOTION FOR |
| | ) | LEAVE TO PROCEED IN |
| v. | ) | FORMA PAUPERIS; |
| | ) | DIRECTING PLAINTIFF TO |
| | ) | PROVIDE COURT WITH |
| WARDEN RANDY GROUNDS, | ) | CURRENT ADDRESS |
| | ) | |
| Respondent. | ) | |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 16, 2012, the Clerk notified Petitioner that he failed to pay the filing fee, or file an application to proceed in forma pauperis ("IFP"). The Clerk warned Petitioner that he needed to either pay the filing fee, or file an application to proceed IFP within thirty days, or face dismissal of the action. On June 27, 2012, after having received no further communication from Petitioner, the Court dismissed this action, and closed the case.

That same day, Petitioner filed a motion to proceed IFP. In addition, a Correctional Counselor from California State Prison - Solano filed a letter enclosing the $5.00 filing fee on behalf of Petitioner. The Correctional Counselor stated that the delay was due to administrative error rather than Petitioner's delinquency. In light of the above, the Court sua sponte RE-

1  OPENS this case, and DENIES Petitioner's motion to proceed IFP as unnecessary.

2      Thereafter, on July 12, 2012, mail sent to Petitioner from the Court was returned to the
3  Court as undeliverable.  Pursuant to Federal Rule of Civil Procedure 41(b), a district court may
4  *sua sponte* dismiss an action for failure to prosecute or to comply with a Court order.  *See Link v.*
5  *Wabash R.R.*, 370 U.S. 626, 633 (1962); *McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991).
6  But such a dismissal should only be ordered when the failure to comply is unreasonable.  *See id.*
7  The Court should afford the litigant prior notice of its intention to dismiss.  *See Malone v. United*
8  *States Postal Serv.*, 833 F.2d 128, 133 (9th Cir. 1987).  Furthermore, pursuant to Northern
9  District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is
10 pending must promptly file and serve upon all opposing parties a notice of change of address
11 specifying the new address.  *See* Civil L.R. 3-11(a).

12     Accordingly, it is in the interests of justice and judicial efficiency for the Court to
13 establish whether Plaintiff intends to continue to prosecute this action.  Plaintiff shall file a
14 notice of his current address, and his continued intent to prosecute no later than **thirty (30) days**
15 from the filing date of this order.

16 **Failure to do so will result in the dismissal of this action without prejudice for**
17 **failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.**  *See Malone*,
18 833 F.2d at 133.

19     IT IS SO ORDERED.

20 DATED:  7/30/12

                                LUCY H. KOH
21                                 United States District Judge