IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DARRELL RAY EDWARDS, | ) | No. C 12-2504 LHK (PR) |
| Petitioner, | ) | ORDER TO SHOW CAUSE |
| v. | ) | |
| WARDEN RANDY GROUNDS, | ) | |
| Respondent. | ) | |

Petitioner, a state prisoner proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 2010 decision by the California Board of Parole Hearings ("Board") finding him unsuitable for parole.[1]  Petitioner has paid the filing fee.  The Court orders Respondent to show cause why a writ of habeas corpus should not be granted.

---

[1] On July 31, 2012, the Court directed Petitioner to provide his current address and notify the Court whether he intended to continue to prosecute this case because previous mail sent from the Court to Petitioner was returned as undeliverable.  On August 27, 2012, Petitioner wrote to the Court, and the Court discovered that Petitioner had filed a notice of change of address in *Edwards v. Grounds*, 10-4164 LHK, on May 16, 2012, but neglected to updated his address in the underlying case because he had not yet been assigned a case number.  Accordingly, the Clerk shall change Petitioner's address to reflect his current place of incarceration:  Darrell Ray Edwards, CSP-Solano, J26692, 2100 Peabody Rd., P.O. Box 4000, C-16-160L, Vacaville, CA 95696.

Order to Show Cause
G:\PRO-SE\SJ.LHK\HC.12\Edwards504osc.wpd

**DISCUSSION**

A.   <u>Standard of Review</u>

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

B.   <u>Petitioner's Claims</u>

As grounds for relief, Petitioner alleges that the denial of his suitability for parole violated his right against ex post facto, his right to due process, his right to equal protection, and was a breach of his plea agreement.

Petitioner's claim that the application of Marsy's Law violated the Ex Post Facto Clause does not state a claim for relief. Marsy's Law increased the minimum deferral period between parole hearings from one to three years, and the maximum deferral period from five to fifteen years. *Gilman v. Schwarzenegger*, 638 F.3d 1101, 1104 (9th Cir. 2011). Advance hearings can be held by the Board sua sponte, or at the request of a prisoner, though the inmate is limited to one such request every three years. *Id.* at 1105. The Ninth Circuit reversed the grant of a preliminary injunction against enforcement of Marsy's Law, holding that the plaintiffs were not likely to prevail on the merits of their claim that Marsy's Law violates the Ex Post Facto Clause. *Id. Gilman*'s holding that the plaintiffs there were not likely to prevail on the merits makes clear that the state courts' rejections of Petitioner's Marsy's Law claim could not have been unreasonable. Petitioner thus cannot obtain habeas relief on this claim, and it is dismissed.

Likewise, Petitioner's claim that the denial of parole violated his due process rights is without merit. In order to comport with due process, a prisoner is only entitled to "an opportunity to be heard and [be] provided a statement of the reasons why" parole was denied. *Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011) (per curiam); *see Greenholtz v. Inmates of Neb.*

*Penal and Correctional Complex*, 442 U.S. 1, 7 (1979) ("There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners."). Moreover, a federal habeas court cannot review sufficiency of the evidence claims to analyze whether "some evidence" supports the Board's decision to deny parole. *See Cooke*, 131 S. Ct. at 861. "Because the only federal right at issue is procedural, the relevant inquiry is what process [Petitioner] received, not whether the state decided the case correctly." *Id.* at 863. Regardless of which particular factors were considered or relied upon by the Board, Petitioner was provided an opportunity to rebut their validity, and given an explanation of the Board's ultimate decision. Those were the only due process rights to which he was entitled. Thus, Petitioner's due process claim is dismissed.

Petitioner also claims that the denial of parole violated his right to equal protection because the Board "(1) made the arbitrary determination that Constitutional proportionality of sentence is not one of similar gravity and magnitude pursuant to culpability of the offense, and (2) gave its finding without giving independent weight whether there was a nexus from one offense to another of the same magnitude or that of current dangerousness." "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To prevail on his equal protection claim, Petitioner must show he is a member of a class that was denied a benefit available to other similarly situated individuals, and that such denial was not rationally related to legitimate state interests. *See Mayner v. Callahan*, 873 F.2d 1300, 1302 (9th Cir. 1989) (applying rational basis test to prisoner's claim of unequal application of parole consideration criteria). Petitioner has not supported this claim with sufficient facts. Accordingly, this claim will be dismissed with leave to amend if Petitioner can do so in good faith.

Liberally construed, Petitioner's remaining allegation that the denial of parole violated his plea agreement is sufficient to warrant a response.

**CONCLUSION**

1. The Clerk shall serve by mail a copy of this order and the petition (docket no. 1) and all attachments thereto upon the Respondent and the Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **ninety days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty days** of the date the answer is filed.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within **ninety days** of the date this order is filed. If Respondent files such a motion, Petitioner shall file with the court and serve on Respondent an opposition or statement of non-opposition within **thirty days** of the date the motion is filed, and Respondent **shall** file with the court and serve on Petitioner a reply within **fifteen days** of the date any opposition is filed.

4. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 9/17/12

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

Order to Show Cause
G:\PRO-SE\SJ.LHK\HC.12\Edwards504osc.wpd    4