1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

DARRELL RAY EDWARDS,              )      No. C 12-2504 LHK (PR)
11                                )
                 Petitioner,      )      ORDER GRANTING
12                                )      RESPONDENT'S MOTION TO
     vs.                          )      DISMISS; DENYING CERTIFICATE
13                                )      OF APPEALABILITY
GARY SWARTHOUT, Warden,           )
14                                )      (Docket Nos. 11, 14)
                 Respondent.      )
15  _____)

16

17          Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus

18   pursuant to 28 U.S.C. § 2254, challenging a 2010 decision by the California Board of Parole

19   Hearings ("Board") finding him unsuitable for parole.  The Court issued an order to show cause.

20   In lieu of an answer, the Respondent filed a motion to dismiss this petition as untimely and for

21   failure to state a claim.  Petitioner has filed an opposition, and Respondent has filed a reply.

22   Thereafter, Petitioner filed a motion to readdress "and argument" [sic] the record, and other

23   miscellaneous pleadings.[1]  For the reasons stated below, the Court GRANTS Respondent's

24   motion to dismiss the petition as untimely.

25

26   _____

27          [1] In addition to the motion to address, Petitioner has filed a notice of default affidavit,
     two affidavits in support of the notice of default, and a memorandum in support of the notice of
28   default affidavit.  In these pleadings, most of the substance is not relevant to Respondent's
     motion to dismiss the petition as untimely.  Petitioner's motion is denied.

Order Granting Respondent's Motion to Dismiss; Denying Certificate of Appealability
G:\PRO-SE\SJ.LHK\HC.12\Edwards504mtdtime.wpd

## I.      BACKGROUND

In 1991, Petitioner pleaded guilty to second degree murder.  (Mot. at 3.)  On June 15, 1994, Petitioner was sentenced to a term of 15-years to life in state prison.  (Pet. at 2.)  Petitioner did not file a direct appeal.  On March 4, 2010, the Board found Petitioner unsuitable for parole for the fourth time.  (Pet., Ex. 2 at 3.)  Petitioner filed a state habeas petition in Superior Court, which was denied in 2011.  (Pet. at 4.)  Petitioner then filed unsuccessful habeas petitions in the California Court of Appeal and California Supreme Court.  (*Id.* at 4-5.)  Petitioner's underlying federal petition was file-stamped on May 16, 2012.  In his petition, Petitioner claims that the Board's finding of unsuitability violated his 1991 plea agreement.

## II.     DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners.  Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).  Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit.  28 U.S.C. § 2244(d)(2).

Under § 2244(d)(1)(D), the one-year limitation period starts on the date on which "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The time begins "'when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.'" *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2000) (quoting *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)) (remanding case to district court for further factual findings concerning

1   determination of when, with exercise of due diligence, petitioner could have discovered facts to

2   support prejudice prong of ineffective assistance of counsel claim).  "Due diligence does not

3   require the maximum feasible diligence, but it does require reasonable diligence in the

4   circumstances."  *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012) (internal quotations and

5   citations omitted).

6          Here, Petitioner asserts that the Board's parole unsuitability determination violated the

7   terms of his plea agreement, and as a result, he has been imprisoned beyond the agreed upon

8   term.  Petitioner concedes that the plea agreement stated he was to be sentenced to a term of

9   fifteen years to life.  However, he contends that there was a "side agreement" between the

10  parties, wherein Petitioner understood that he would only be imprisoned for ten years, which

11  would presumably be only seven years, taking into account prison credits.  (Pet. Memo. at 5.)

12  Assuming Petitioner's allegations are true, the statute of limitations started running, at the latest,

13  upon Petitioner's completion of his anticipated 10 year sentence, i.e., in June 15, 2004.  When

14  June 15, 2004 passed and Petitioner was not released, Petitioner knew or should have known the

15  factual predicate underlying his breach of plea claim.  Thus, the limitations period started

16  running on that date and expired one year later, in June 15, 2005 – approximately 7 years before

17  Petitioner filed his petition challenging the breach of the plea agreement.  Thus, the petition is

18  untimely unless Petitioner can establish statutory or equitable tolling.

19         The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during

20  which a properly filed application for State post-conviction or other collateral review with

21  respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  Here, there is no

22  basis for statutory tolling because Petitioner's first state habeas petition was not filed until 2011,

23  approximately 6 years after the limitations period had already expired.  *See Ferguson v.*

24  *Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation

25  of the limitations period that has ended before the state petition was filed," even if the state

26  petition was timely filed).

27         Petitioner also does not argue that he is entitled to equitable tolling.  The Supreme Court

28  has determined that Section 2244(d) is subject to equitable tolling in appropriate cases.  *Holland*

1  *v. Florida*, 130 S.Ct. 2549, 2560 (2010).  "[A] petitioner is entitled to equitable tolling only if he

2  shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

3  circumstance stood in his way and prevented timely filing."  *Id.* at 2562 (internal quotation

4  marks omitted).  Once a petitioner is notified that his petition is subject to dismissal based on

5  AEDPA's statute of limitations and the record indicates that the petition falls outside the

6  one-year time period, the petitioner bears the burden of demonstrating that the limitation period

7  was sufficiently tolled under statutory or equitable principles.  *See Smith v. Duncan*, 297 F.3d

8  809, 814 (9th Cir. 2002).  Here, even though Petitioner was given notice that the petition was

9  subject to dismissal, and was provided an opportunity to respond, Petitioner failed to present any

10  viable argument as to why his petition should be considered timely.  Thus, he has not met his

11  burden of demonstrating that he is entitled to equitable tolling.

12      Accordingly, the petition must be dismissed as untimely under 28 U.S.C. § 2244(d).[2]

13  **III.   CONCLUSION**

14      Respondent's motion to dismiss the petition is GRANTED.  The instant petition is

15  DISMISSED.  The Clerk shall terminate all pending motions and close the file.

16  **IV.   CERTIFICATE OF APPEALABILITY**

17      For the reasons set out in the discussion above, Petitioner has not shown "that jurists of

18  reason would find it debatable whether the district court was correct in its procedural ruling."

19  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Accordingly, a COA is DENIED.

20      **IT IS SO ORDERED.**

21  DATED: _____5/11/13_____

22                                    LUCY H. KOH
                                     United States District Judge

23

24

25

26

27

28      [2]  Because the Court is dismissing the petition on timeliness grounds, it is unnecessary to address Respondent's alternative argument that the petition fails to state a claim for relief.